UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ESMERALDA BELTRAN,

          Plaintiff,

     v.

CHUCK LEEPHAIBUL, and individual and general partner; SUPACHAI WICHAPORN, an individual and general partner, dba; MONSOON THAI CUISINE, a general partnership,

          Defendants.

Case No. 3:14-cv-0200-ST

**OPINION AND ORDER**

**STEWART, Magistrate Judge:**

## INTRODUCTION

Plaintiff, Esmeralda Beltran ("Beltran"), filed this action against her former employer, Monsoon Thai Cuisine ("Monsoon Thai"), and its general partners, Chuck Leephaibul ("Leephaibul") and Supachai Wichaporn ("Wichaporn"), in Multnomah County Circuit Court, Case No. 131217978. Beltran alleges two claims against defendants for: (1) violating ORS ch. 659A by reducing her hours and terminating her because she became pregnant (Count 1); and (2) failing to compensate her for overtime hours in violation of both the Fair Labor Standards Act ("FLSA"), 29 USC § 216, and the parallel Oregon law (Count 2).

1 – OPINION AND ORDER

Defendants timely removed the case to this court pursuant to 28 USC §§ 1441(c) and 1446, asserting original jurisdiction over the FLSA claim under 28 USC § 1331 and supplemental jurisdiction over the state discrimination and wage claims under 28 USC § 1367. Beltran filed a timely Motion to Remand this case back to state court (docket #4). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c) (docket #14). For the reasons set forth below, that motion is granted in part.

## ALLEGATIONS

Leephaibul and Wichaporn operate Monsoon Thai as a general partnership in Multnomah County, Oregon. Complaint, ¶¶ 1-2. Defendants are a covered employer under the FLSA. *Id*, ¶ 26. Defendants hired Beltran in September 2009 as a cook. *Id*, ¶ 5. She routinely worked an average of 50 hours per week, with exceptions for leave and other reduction in hours. *Id*, ¶ 6.

At the beginning of March 2013, Beltran informed defendants that she was pregnant. *Id*, ¶ 9. Defendants then reduced her hours and, on or about August 5, 2013, terminated her and hired a replacement cook. *Id*, ¶¶ 11-12, 17-18. Beltran's pregnancy was a substantial factor in defendants' adverse treatment of her. *Id*, ¶ 19. As a result of her termination from employment, she has suffered economic damages of $54,340.00 and non-economic damages of $163,020.00. *Id*, ¶¶ 20-21.

At the time of her termination, defendants paid Beltran an hourly rate of $9.50. *Id*, ¶ 7. Defendants knew they were paying Beltran her regular wage for overtime and intended not to pay her 1.5 times her regular wage for each hour worked in excess of 40 hours per week. *Id*, ¶ 8. In September 2013, defendants received Beltran's written demand for unpaid wages. *Id*, ¶ 13. On December 30, 2013, defendants acknowledged owing her at least 656.5 hours of overtime

2 – OPINION AND ORDER

wages and have willfully withheld overtime wages from her. *Id*, ¶¶ 14, 27. As a result, Beltran is entitled to recover up to $4.75 per hour for each overtime hour worked, not to exceed $9,880.00, as well as penalties under Oregon law, and liquidated damages under the FLSA. *Id*, ¶¶ 27-30.

## STANDARDS

Pursuant to 28 USC § 1441, an action may be removed from state to federal court if it alleges any claim over which the federal court has original jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 US 546, 563 (2005) ("district court has original jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of the claims constituting the action"). Courts strictly construe the removal statute, such that "any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F3d 1241, 1244 (9th Cir 2009), citing *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id*, quoting *Gaus*, 980 F2d at 566.

If an action includes both a claim arising under federal law and "a claim not within the original or supplemental jurisdiction of the district court," then the district court "shall sever from the action all [such] claims . . . and shall remand all severed claims to the State court from which the action was removed." 28 USC § 1441(c)(2).

## DISCUSSION

Beltran concedes that this court has original jurisdiction over her FLSA claim and supplemental jurisdiction over the state wage claim, but argues that this court lacks supplemental jurisdiction over her state employment discrimination claim. As a result, she moves to remand all claims back to state court or, in the alternative, to sever and remand the state employment

3 – OPINION AND ORDER

discrimination claim. Defendants respond that remand is not allowed because this court has supplemental jurisdiction over all of the state law claims.

Supplemental jurisdiction provides the court with authority "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 USC § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F3d 969, 978 (9th Cir 2004) (citation omitted). "For example, when the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious and federal courts routinely exercise supplemental jurisdiction over the state law claims." *Lyon v. Whisman*, 45 F3d 758, 761 (3rd Cir 1995). However, a district court may not assert supplemental jurisdiction over state clams that are totally unrelated to the federal claims that form the basis of the court's jurisdiction.

It is not uncommon for this court to exercise uncontested supplemental jurisdiction over state employment discrimination actions when joined with FLSA claims. *See, e.g.*, *Javansalehi v. BF & Assocs., Inc.*, 3:10-CV-850-PK, 2012 WL 1566184 (D Or May 2, 2012) (FLSA claim combined with one state law wage claim and nine other state law claims alleging retaliation, family-relationship discrimination, and other torts); *Paugh v. King Henry's, Inc.*, CV-04-763-ST, 2005 WL 1565112 (D Or June 30, 2005) (two FLSA claims combined with two state law wage claims plus claims for retaliation and wrongful discharge). "However, claims do not necessarily share a common nucleus of facts merely because they arise from an employer-employee relationship." *McElmurry v. US Bank Nat'l. Ass'n.*, No. CV-04-642-HU, 2004 WL 1675925, at *3 (D Or July 27, 2004), citing *Lyon*, 45 F3d at 762-63. As noted by the Third Circuit, several

district courts have "resisted expanding supplemental jurisdiction based merely on an employment contract in a variety of federal statutory settings." *Lyon*, 45 F3d at 763. Finding "these precedents compelling," it rejected supplemental jurisdiction because the "only link" connecting the FLSA claim for overtime pay to the state law contract and tort claims for failure to pay a bonus was "the general employer-employee relationship between the parties." *Id* at 762.

Beltran's claims all arise from her employment relationship. However, this case does not join state and federal claims based on the same acts by defendants. *Cf. Smith v. Amedisys, Inc.*, 298 F3d 434, 439 (5th Cir 2002) (concluding the court was without discretion to remand because the state claim was based on the same acts of sexual harassment and discrimination as the federal claim). Instead, defendants' alleged conduct differs noticeably between the FLSA claim and state discrimination claim. Whatever alleged policy or practice of defendants led them to pay Beltran her regular wage during her overtime hours predated any alleged discriminatory action. Beltran's wage claim may affect the amount of damages she can recover in her discrimination claim, but does not require the claims to be litigated and tried together. The FLSA and state claim wage claim can be separately maintained and resolved without any reference to the facts alleged in regard to the discrimination claim. In other words, the wage claims and the discrimination claim are not alternative theories of recovery for the same acts. This case simply presents no common nucleus of facts between the FLSA and state discrimination claim.

Even if a common nucleus of fact existed, a district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 USC § 1367(c).

In exercising that discretion, a district court must determine whether declining "comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity." *Bahrampour*, 356 F3d at 978 (alteration in original) (citation omitted).

Beltran's discrimination claim substantially predominates over her wage claims. In fact, defendants admit that they owe her overtime wages, but dispute the amount. Complaint, ¶ 14; Answer, ¶¶ 5, 7. While it is true that the court may have to consider Beltran's payroll and work scheduling to assess the allegedly adverse action of reducing Beltran's hours, that inquiry will be minute compared to the issues of causation and intent that will dominate the discrimination claim. Thus, it is proper for the court to exercise its discretion and decline supplemental jurisdiction over the discrimination claim.

Accordingly, both under 28 USC § 1441(c)(2) and 28 USC § 1367(c), the state discrimination claim should be severed and remanded to state court. To be clear, the discretion vested in a district court to refrain from exercising supplemental jurisdiction in removal actions does not affect its original jurisdiction over other claims. In order words, even though the court has discretion to remand the predominant state law claim, it may not avoid presiding over the lesser federal claim.

Beltran seeks a remand of the entire action to state court by urging the court to abstain from exercising jurisdiction over the FLSA claim under the principles set forth in *Colo. River Water Conservation Dist. v. United States*, 424 US 800 (1976). In support, she points out that defendants have admitted liability regarding non-payment of overtime, such that the only issue is

the amount of damages.  However, abstention is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," and none of the exceptional circumstances for abstention exist in this case.[1]  *Id* at 813-14; *see also Quackenbush v. Allstate Ins. Co.*, 517 US 706, 716-17 (1996) (a more comprehensive list of circumstances supporting abstention).  Furthermore, based on abstention principles, federal courts may only stay, and not dismiss or remand, an action for damages.  *Quackenbush*, 517 US at 720-21.  Thus, it would be inappropriate for this court to abstain exercising jurisdiction over the FLSA claim.

## ORDER

For the reasons stated, Beltran's Motion to Remand (docket #4) is GRANTED in part and DENIED in part by severing and remanding Count I (Employment Discrimination) to the Multnomah County Circuit Court.

DATED April 28, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

---

[1] Abstention is appropriate under three general circumstances: (a) cases presenting a federal constitutional issue which might be mooted or presented in a different posture by state court determination of pertinent state law; (b) cases presenting difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar; and (c) cases where, absent bad faith, harassment or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, or state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films or collections of state taxes.  *Colo. River Water Conservation Dist.*, 424 US at 814-816.